90 N.J. Super. 545 (1966)
218 A.2d 430
STATE OF NEW JERSEY, PLAINTIFF,
v.
EDGAR HAWTHORNE, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Criminal Division.
Decided March 4, 1966.
*546 Mr. James R. Zazzali for the State (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
Mr. Mark Hughes, Jr. for defendant (Messrs. Crummy, Gibbons & O'Neill, attorneys).
CAMARATA, J.C.C.
Defendant is under indictment for an atrocious asault and battery on Elsie Davis, committed on the 31st day of January 1965 in the City of Newark. Trial with a jury has been set for March 21, 1966.
Defendant has been previously convicted of the following crimes:
1. February, 1945, larceny of auto, Baltimore, Maryland. Sentence one year.
2. November, 1945, armed robbery with a revolver, Essex County. Sentence, four to seven years.
3. In 1956, robbery, Bridgeport, Connecticut. Sentence four to ten years.
*547 Defendant moves to suppress the use of the prior convictions by the State for impeachment purposes.
Research fails to show a case in New Jersey exactly on point.
N.J.S. 2A:81-12 reads:
"For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter or his conviction of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence. Conviction of crime may be proved by the production of the record thereof, but no conviction of an offender shall be received in evidence against him in a civil action to prove the truth of the facts upon which the conviction was based." (Emphasis added)
In State v. Jones, 57 N.J. Super. 260 (App. Div. 1959), the court said:
"The State has the unquestioned right to prove prior convictions of misdemeanors and high misdemeanors to affect a defendant's credibility, and may inquire of him to that end. N.J.S. 2A:81-12, N.J.S.A." (at p. 265; emphasis added)
Whether a previous conviction of a crime should be used as a test for veracity has been discussed. The following appears in 10 Rutgers Rev., 532 (1956):
"The use of previous convictions of a crime as a test for veracity has been subject to a great deal of criticism because there is no question that it often creates suspicion and prejudice beyond its truth-testing value."
The Report of the New Jersey Supreme Court Committee on The Rules of Evidence (1963), proposed Rule 45 (now proposed Rule 4), states as follows:

"Rule 45. Discretion of Judge to Exclude Admissible Evidence.
The judge shall in his discretion exclude evidence if he finds that its probative value is substantially outweighed by the risk that its admission will (a) necessitate undue consumption of time, or (b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury, or (c) unfairly and harmfully surprise a party *548 who has not had reasonable opportunity to anticipate that such evidence would be offered." (Emphasis added)
To be noted is the change to the word "shall" from "may" in the original draft.
In both N.J.S. 2A:81-12 and in State v. Jones, supra, underlined was "may." The word "may" means permissive action.
The cited statement in State v. Jones must be read together with the word "may." To permit a prosecutor to use a prior conviction as a matter of right in every case is fundamentally unfair. To do so would deprive and limit the trial court of its discretion. I don't think the decision intended this to be so.
I conclude that the word "may" in the cited statute and in State v. Jones leaves to the discretion of the trial court, whether the use of a previous conviction of a crime may be used to impeach a witness.
A court in its discretion may exclude remotely relevant evidence where the probative value of the evidence is offset by the danger of undue prejudice, unfair surprise, or possible confusion of the issues by the introduction of collateral matters. Iverson v. Prudential Insurance Co., 126 N.J.L. 280 (E. & A. 1941); Dolan v. Newark Iron & Metal Co., 18 N.J. Super. 450 (App. Div. 1952); Stoelting v. Hauck, 32 N.J. 87, 103 (1960); 10 Rutgers Rev. 576, 578 (1956).
In general, a remote conviction should not be permitted to be used for impeachment of a witness. 98 C.J.S., Witnesses, § 507(d), p. 412 (1957).
In the instant case defendant's last conviction in 1956 was for robbery. Previous to that he was convicted in 1945 of an armed holdup and in 1944 for receiving stolen property. I conclude that these convictions are all remote, as they relate to the present indictment for atrocious assault and battery, in point of time.
The use of prior convictions of crimes of violence is logically remote. In discussing the use of crimes other than those involving fraud, lack of veracity, or false statement for the *549 impeachment of the defendant, the 1963 Supreme Court Committee report said:
"But generally speaking, the probative value of evidence of other crimes bearing on credibility is low and must be balanced against the excesses known to be customary, especially with over-zealous prosecutors, as well as the extent to which jurors tend to give such impeachment testimony excessive weight." Comment to Rule 21, p. 66
The defendant's last conviction for robbery is a crime of violence and, as stated, he is presently indicted for the crime of atrocious assault and battery. If the prior convictions were permitted in evidence to affect his credibility the jury could well conclude that the defendant is habitually involved in crimes  this despite a cautionary charge by me, and in my opinion would react unfavorably and be highly prejudicial to defendant. For a discussion of juries' failure to follow a judge's limiting charge on use of prior convictions, see 78 Harvard L. Rev. 441 (1964).
McCormick on Evidence, § 43, p. 94, states:
"On balance it seems that to permit * * * one accused of crime to tell his story without incurring the overwhelming prejudice likely to ensue from disclosing past convictions, is a more just, humane and expedient solution."
See also Luck v. United States, 121 U.S. App. D.C. 151, 348 F.2d 763, 768, 769 (D.C. Cir. 1965).
I also conclude that the probative value of the prior convictions as evidence for impeachment purposes is by far outweighed by the prejudicial effect it will have on the defendant's rights at the trial. Defendant's motion to suppress the prior convictions is granted.
Where a defendant or the prosecutor seeks to suppress the use of a prior conviction of a defendant or witness, the preferable practice to be followed is that it be done by a motion before trial. R.R. 3:5-5(b)(1), McCormick on Evidence, § 43, p. 94.