## STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. GENE HURT, DEFENDANT-RESPONDENT.

Argued January 9, 1967—Decided March 27, 1967.

*Mr. Brendan T. Byrne,* County Prosecutor of Essex County, argued the cause for appellant (*Mr. Barry H.*

*Evenchick,* Assistant Prosecutor, of counsel and on the brief).

*Mr. Daniel E. Isles* argued the cause for respondent (*Messrs. Querques & Isles,* attorneys).

The opinion of the court was delivered

PER CURIAM. ▋ Defendant was indicted in 1963 for the crime of obtaining money or property by false pretenses. The indictment is not included in the appendix nor have we been furnished with the date of the alleged crime. It appears from the argument of counsel in the trial court that defendant was convicted in 1957 or 1958 of the crime of violating the law forbidding lotteries in New Jersey. Neither the record of that conviction nor the sentence imposed appears in the appendix. The trial court on defendant's pretrial motion barred proof of the conviction for purposes of attacking defendant's credibility under *N. J. S.* 2A:81–12. The order granting the motion was based on *State v. Hawthorne,* 90 *N. J. Super.* 545 (*Cty. Ct.* 1966), which this Court has reversed today. 49 *N. J.* 130 (1967). For the reasons expressed therein, the order in this case must be reversed also.

In addition to the grounds relied upon by the trial court in *State v. Hawthorne,* the trial judge here pointed out that the statute, *N. J. S.* 2A:81–12, permitted proof of convictions of "crime" to affect credibility. He expressed the view that "crime" referred only to an offense involving moral turpitude. And since in his judgment violation of the lottery statute did not involve moral turpitude, a conviction thereof was not admissible for purposes of impeachment. We disagree.

▋ The statutes prohibiting lotteries (*N. J. S.* 2A:121–1, 2, 3 and 4, *i. e.,* sale or offer or agreement to sell lottery tickets or shares in a lottery, the advertising of lotteries, participation in any way in a lottery, knowing possession of any paper, etc. pertaining to the business of

a lottery, or knowingly permitting a lottery to be carried on on one's premises) all make violation a misdemeanor. A misdemeanor is a criminal offense punishable by a fine of not more than $1,000 or imprisonment in New Jersey State Prison for not more than three years, or both. *N. J. S.* 2A:85-7. Such an offense is a crime within the meaning of *N. J. S.* 2A:81-12, which makes proof of conviction of "any crime" admissible to affect credibility, regardless of any question of moral turpitude. See, *State v. Doyle,* 42 *N. J.* 334, 346, 349 (1964); *State v. Henson,* 66 *N. J. L.* 601, 605-607 (*E. & A.* 1901). Clearly one who has been convicted of violating the lottery statutes has been convicted of a crime within the contemplation of *N. J. S.* 2A:81-12.

Reversed and remanded for trial.

JACOBS and SCHETTINO, JJ., concur in result.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.