**Don ADAMS, Petitioner,**

**v.**

**Dan L. DANIEL, etc., Respondent.**

**Civ. A. No. 1124.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Aug. 21, 1972.

T. Arthur Jenkins, Manchester, Tenn., for petitioner.

Charles S. Ramsey, Jr., District Atty. Gen., 7th Judicial District, Manchester, Tenn., and Phillip W. Brooks, Asst. Atty. Gen., Nashville Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

■ This is an application by a state prisoner for the federal writ of habeas corpus. The petitioner Mr. Don Adams claims that he is in the custody of the respondent in violation of the federal Constitution. 28 U.S.C. § 2254(a). One of the claims of Mr. Adams is that he is in such custody in violation of the Constitution, Fourteenth Amendment. As to this issue, the applicant has exhausted his state remedies.[1] 28 U.S.C. § 2254 (b), (c). The question thus presented is whether Mr. Adams' federal right to equal protection of the law was violated when the state of Tennessee did not provide him with a transcript of the criminal trial, in which he was convicted, for use in a bill of exceptions for purposes of an appeal therefrom.

■ Mr. Adams was convicted of a misdemeanor in State of Tennessee v. Don Adams, no. 10,871 in the Circuit Court of Coffee County, Tennessee on January 16, 1970. He was represented in that trial by retained counsel and interposed no claim of indigency. At that time he was permitted " * * * at his own expense [to] retain a [court] reporter * * * to record and transcribe the proceedings * * *," T.C.A. § 40–2035, and " * * * a transcript so prepared [might have been] used for purpose of [an] appeal, as provided by law. * * * " Idem. Mr. Adams did not retain such a court reporter for such purpose, and no transcript of the record was made. At that time, Tennessee law required the trial to be reported and transcribed only when the offense was punishable by confinement in the state penitentiary (a felony). T.C.A. §§ 40–2029, 40–2035. Mr. Adams claims he is now an indigent, has no transcript for use with a bill of exceptions necessary to his effective appeal from the judgment of his conviction, and that the state of Tennessee has violated his right to equal protection of the law by not providing such a record, relying on Mayer v. Chicago (1971), 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372.

■ The applicant's reliance on Mayer, supra, is misplaced.[2] It is only when a full verbatim record of a trial is necessary to assure an indigent as effective an appeal as would have been available to a defendant with resources to pay his own way that a criminal defendant is subjected to unequal protection of the law in this regard. Ibid., 404 U.S. at 194, 92 S.Ct. at 414, 30 L.Ed.2d at 378[6]. Here, Mr. Adams stood, when his trial occurred, in the same shoes as any other non-indigent criminal defendant. He was then accorded equal treatment with all others similarly situated, and there has been no violation of his right to equal protection of the laws within the contemplation of the Constitution, Fourteenth Amendment.

■ As the only viable issue raised by the petitioner's application is a purely legal one, no hearing is required. Barker v. State of Ohio, C.A. 6th (1964), 330 F.2d 594[1]. The petitioner hereby is denied all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the applicant give timely notice of an appeal herefrom, he is authorized to proceed on appeal in forma pauperis. Rule 24 (a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), Federal Rules of Appellate Procedure; and, as only purely legal questions are involved at this point, such certificate will issue.

---

[1]. Other questions presented by the applicant were not entertained by the Court, because as to them Mr. Adams had failed to exhaust available state remedies. See memorandum opinion and order herein of June 21, 1972.

[2]. Such reliance would require retroactive application.