Frankie Joe TODD, Appellant,

v.

A. L. LOCKHART, Superintendent, Cummins Unit, Arkansas Department of Correction, Appellee.

No. 73–1501.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1973.

Decided Jan. 16, 1974.

Tom F. Lovett, Little Rock, Ark., for appellant.

Alston Jennings, Jr., Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before GIBSON and ROSS, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Todd, a state prisoner, appeals from the dismissal without a hearing, of his habeas corpus action brought pursuant to 28 U.S.C. § 2254. We reverse and remand with instructions.

On September 9, .1970, Todd pleaded guilty to second degree murder in the Ouachita County Circuit Court in the State of Arkansas. The transcript of the plea taking indicates that Todd was asked essentially two questions by the trial judge. Todd was first asked whether he was guilty. He responded in one word, "Guilty." Todd was then asked whether he was acquainted with meritorious and statutory good time. Todd responded that he was aware of these provisions. The court then accepted the plea.

Subsequently, Todd sought relief from his plea by way of state post-conviction procedures claiming essentially that his plea was involuntary because: 1) the jury was impaneled shortly before he entered his plea, and he was aware of this fact, and 2) he feared the threat of a first degree murder charge if he went to trial. After an evidentiary hearing, these contentions were decided adverse to Todd. *See* Todd v. State, 485 S.W.2d 533 (Ark.1972).

Todd then sought relief in federal court. On December 27, 1972, the federal court, apparently the first to do so, recognized that the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), may not have been followed when Todd entered his plea. The court, indicating that Arkansas Criminal Rule 1(H) prohibited successive post-conviction attacks, and noting that the State of Arkansas had not raised an exhaustion argument, proceeded to determine the *Boykin* issue.

The court determined that the "mechanics" of *Boykin* had not been followed. But the court, on the basis of the state post-conviction record, determined. that Todd's plea was both voluntary and intelligent. The court held no evidentiary hearing.

As a consequence, we are faced with two questions in this case: 1) whether an otherwise defective plea-taking record may be cured by a record developed in either a state post-conviction proceeding or in a federal post-conviction proceeding, and, 2) if so, whether the record in this case demonstrates that the plea was both voluntary and intelligent.

■ Boykin v. Alabama, *supra*, 395 U.S. at 242, 89 S.Ct. 1709, held that it was impermissible to assume that a plea of guilty was both voluntary and intelligent on a silent record. For all practical purposes the record made in this case at the time the plea was accepted is silent, and "[i]t was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea . . . ." *Id.* Unlike McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which dealt with a question similar to the *Boykin* issue but in terms of the Court's supervisory power in relation to F.R.Crim.P. 11, the *Boykin* Court did not specifically indicate that every plea of guilty should be automatically vacated when the precepts of *Boykin* are violated.

■■ Since we believe that as a constitutional matter the question is whether the plea was voluntary and intelligent, we agree with a number of other courts which have held that a state may, in a state post-conviction hearing, McChesney v. Henderson, 482 F.2d 1101, 1109 (5th Cir. 1973), or in a federal post-conviction hearing, Walker v. Caldwell, 476 F.2d 213, 215–216 n.1 (5th Cir. 1973), cure the otherwise defective plea-taking transcript. *See also* Turner v. Haynes, 485 F.2d 183, 184 (4th Cir. 1973); Mountjoy v. Swen-

---

* The Honorable TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

son, 306 F.Supp. 379, 384–385 (W.D. Mo.1969); State v. Darling, 109 Ariz. 148, 506 P.2d 1042, 1046 (1973); Merrill v. State, 206 N.W.2d 828, 830–831 (S.D.1973). In so doing we do not return to the pre-*Boykin* practice of assuming that a defendant represented by counsel has entered a voluntary and intelligent plea. Rather, we hold that once a state prisoner has demonstrated that the plea taking was not conducted in accordance with *Boykin*, the state may, if it affirmatively proves in a post-conviction hearing that the plea was voluntary and intelligent, obviate the necessity of vacating the plea.

 Assuming that an otherwise defective plea-taking transcript may be cured by the state's later affirmative showing that the plea was voluntary and intelligent, the record is not adequate here to support such a conclusion. The record, as we read it, does not contain specific [1] testimony pertinent to whether the plea was intelligent and voluntary. Our conclusion in this respect is supported by the fact that the *Boykin* question was not at issue in the state proceedings, and there was apparently no awareness that Todd had, albeit implicitly, demonstrated "error, plain on the face of the record . . . ." Boykin v. Alabama, *supra*, 395 U.S. at 242, 89 S.Ct. at 1711.

Specifically, we note that Todd testified that he was informed of the range of penalties with regard to first and second degree murder by his attorney, Mr. Street, but "he never did tell me no definition to it." Although Todd demonstrated a general understanding of the jury system, it is unclear that Todd knew at the time the plea was taken that he was entitled to a jury trial:

Q. Did you understand that you would get a jury trial that day?

A. I didn't know what was happening.

When asked whether Mr. Barnes, the attorney who represented Todd at the arraignment, advised Todd of his constitutional rights, Todd testified, "I don't recall, because at that time I didn't know that I could have any rights." There is further testimony from Todd that, "I was unaware of any knowledge of the law."

Mr. Barnes testified, without elaboration, that "we discussed his rights." Street, Todd's attorney at the plea-taking session, did not testify that he informed Todd of any constitutional rights. Street did testify that he discussed the case with Todd, disclosed the penalties of the various possible charges, and indicated that he told Todd that Todd could be convicted of second degree murder, based upon Street's investigation of the facts.

 The record discloses facts from which it could be determined that Todd knew the possible range of punishment if he entered a plea of guilty. But it does not show whether or not Todd understood his rights if he chose to stand trial and is also deficient in failing to show that at the time of the change of the plea, there was a factual basis for the plea of guilty.

 For the reasons hereinbefore expressed, we reverse and remand with directions that the district court shall hold an evidentiary hearing. We emphasize that Todd has demonstrated pri-

1. We note that *Boykin* enumerated three constitutional rights which are waived by a plea of guilty, and those rights are: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination. But we agree that *Boykin* does not require the express articulation and waiver of these three rights at the time the plea is entered. *See, e. g.*, Lockett v. Henderson, 484 F.2d 62, 63 (5th Cir. 1973); McChesney v. Henderson, *supra*, 482 F.2d at 1110; Stinson v. Turner, 473 F.2d 913, 915–916 (10th Cir. 1973). If these three rights were known at the time the plea was taken, such knowledge goes far toward establishing that the plea was knowing. *Cf.* Missouri v. Turley, 443 F.2d 1313, 1318 (8th Cir.), cert. denied, 404 U.S. 965, 92 S.Ct. 336, 30 L.Ed.2d 284 (1971). The absence of such knowledge would, of course, be highly material.

ma facie error, and it is up to the state to affirmatively demonstrate that Todd's plea was voluntary and intelligent when made.

Reversed and remanded for proceedings consistent with the views expressed herein.