**David HARRISON, Petitioner-Appellant,**

v.

**STATE OF INDIANA,
Respondent-Appellee.**

No. 77–1860.

United States Court of Appeals,
Seventh Circuit.

Submitted April 19, 1979.

Decided May 2, 1979.

David D. Harrison, pro se.

David A. Arthur, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before PELL, BAUER and WOOD, Circuit Judges.

PELL, Circuit Judge.

There are two issues in this appeal. First, whether a federal court has jurisdiction of a habeas corpus petition brought by a prisoner to challenge a conviction the sentence for which he has fully served, but which delayed the start of his current imprisonment, and will thus delay his release. Second, whether his unconditional release from the second sentence makes the cause moot. The appeal is considered on the briefs and record, without oral argument, pursuant to Fed.R.App.P. 2.

On October 10, 1966, petitioner Harrison was convicted of "entering to commit a felony" and sentenced to one to ten years,

later corrected to one to five. He was subsequently paroled, but prior to the termination of that sentence was convicted of a narcotics violation and on January 10, 1971, was sentenced to two to ten years. Parole on the first sentence was revoked, and service of the second sentence was postponed ten months, until October 10, 1971, pending completion of the first. Harrison exhausted state remedies with one exception [1] in his attack on the first conviction, and on March 28, 1973 filed his petition for habeas corpus with the U. S. District Court for the Northern District of Indiana. At the time of filing that petition he had fully served the 1966 sentence, and was in custody only on the 1971 narcotics conviction. On August 9, 1973 he was paroled on the 1971 sentence, and parole was terminated on October 21, 1974. Since then Harrison has been at liberty.

In a Memorandum Order of January 2, 1975, the district court found that it had jurisdiction of Harrison's petition, because, although he had fully served the sentence for the conviction under attack, if that sentence were found to be void then the second sentence under which he was currently in custody would start as of the date of imposition, January 10, 1971, rather than the delayed date, October 10, 1971, and the period of his custody would be shortened by ten months. The court found this sufficient to satisfy the "custody" requirement of 28 U.S.C. §§ 2241(c)(3) and 2254(a). On June 23, 1977 the district court reversed its earlier order, and denied the writ for lack of jurisdiction because Harrison had been unconditionally released from parole since October 21, 1974. The relief petitioner had originally sought was a reduction in his then current sentence by crediting the time served under the allegedly unconstitutional prior conviction. The court reasoned that a grant of such relief was no longer possible, that Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), did not apply, and therefore, denied the writ.

Two issues are presented by this appeal, the district court's jurisdiction, and the possible mootness of the petition. The starting place for a consideration of both issues is Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

## JURISDICTION

In Carafas the Court held that in a habeas proceeding "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." 391 U.S. at 238, 88 S.Ct. at 1560. Carafas was in custody at the time he filed his petition, and that was sufficient to establish jurisdiction in the district court. In the case before us, Harrison was also in custody when he filed his petition, but pursuant to a conviction subsequent to the one he attacks. We are therefore required to consider a question we recently left undecided, whether "a prisoner confined pursuant to one judgment of conviction [may] attack the validity of a separate, prior conviction if it prolongs the period of his confinement." Hanson v. Circuit Court of the First Judicial Circuit of Illinois, 591 F.2d 404, 408 n.10 (7th Cir. 1979).

We may start by recognizing that "a principal aim of the writ is to provide for swift judicial review of alleged unlawful restraints on liberty." Peyton v. Rowe, 391 U.S. 54, 63, 88 S.Ct. 1549, 1554, 20 L.Ed.2d 426 (1968). If Harrison's 1966 conviction was invalid, then the postponed beginning of his 1971 sentence would unlawfully prolong the restraint on his liberty. The restraint is no less unlawful because the petition for federal habeas relief was filed after the sentence under attack was fully served. Harrison had begun his pursuit of post-conviction relief in state courts well before the sentence for the conviction under attack was fully served. As the Supreme Court observed in Carafas, "He should not be thwarted now and required to bear the

---

1. The fourth issue raised by petitioner was denial of due process by the action of the trial judge in granting the state a continuance. The district court on February 6, 1974, found that it could not consider this issue because the petitioner had failed to exhaust his state remedies as to this issue.

consequences of assertedly unlawful conviction simply because the path has been so long that he has served his sentence." 391 U.S. at 240, 88 S.Ct. at 1561.

*Peyton v. Rowe* held that "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of § 2241(c)(3)." 391 U.S. at 67, 88 S.Ct. at 1556. Peyton was thus able to attack a conviction the sentence for which he had not yet begun to serve. Harrison's situation is just the reverse, he seeks to attack a conviction the sentence for which has been fully served. In a technical sense Harrison was no longer serving consecutive sentences when he filed his petition, since one sentence had already been fully served. A successful attack on the first conviction would nonetheless shorten the time remaining for him to serve, so that the duration of his custody continued to be determined by the consecutive effect of both sentences. The Supreme Court has

> consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements.

*Hensley v. Municipal Court,* 411 U.S. 345, 350, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973). We can do no less.

Those courts which have considered the issue presented here have held that there is jurisdiction where a prisoner in custody pursuant to one conviction might receive credit on that sentence if he prevails in his attack on a prior, fully served, and unrelated sentence. *Cappetta v. Wainwright,* 406 F.2d 1238 (5th Cir. 1969), *cert. denied,* 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96; *Lyons v. Brierley,* 435 F.2d 1214 (3d Cir. 1970); *United States ex rel. DiRienzo v. New Jersey,* 423 F.2d 224 (3d Cir. 1970); *Hudson v. Alabama,* 361 F.Supp. 1102 (M.D.Ala., 1973), *rev'd on other grounds,* 493 F.2d 171 (5th

Cir. 1974). Similar conclusions have been reached in cases involving prisoners confined as recidivists, whose present sentences might be reduced if they were successful in attacking prior convictions whose sentences had been fully served. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (§ 2255). *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (writ of error coram nobis). *United States ex rel. Durocher v. LaVallee,* 330 F.2d 303, 306 (2d Cir. 1964). We believe these cases still state the law, and hold accordingly.[2]

■ The district court distinguished *Cappetta* and *Hudson* because there the petitioner was still in custody at the time of consideration, and had substantial time to serve. That reasoning would also distinguish *Lyons v. Brierley, DiRienzo,* and the recidivist cases. However, the district court failed to make the distinction between the issue of jurisdiction and the issue of mootness. *Carafas* is unambiguously clear that "once federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." 391 U.S. at 238, 88 S.Ct. at 1560. The basis for jurisdiction cannot affect that principle. Whether the petitioner attacks the conviction under which he is currently confined, or attacks an earlier conviction whose effect is to prolong his current but unrelated confinement, if his petition was filed while he was confined, so that there is jurisdiction, jurisdiction will not be defeated by his subsequent release from confinement. The district court therefore erred in dismissing this petition for lack of jurisdiction.

## MOOTNESS

■ Although the issue of mootness is often mistaken for a jurisdictional question, within the context of the questions raised

---

2. In *United States ex rel. Myers v. Smith,* 444 F.2d 75 (2d Cir. 1971), federal habeas jurisdiction was denied where a petitioner attacked a prior conviction from which he had been fully released before he was convicted of the crime for which he was currently confined. This is not inconsistent with the cases cited above. In *Myers* the sentences were not successive, and *Cappetta* was distinguished because Myers had not alleged that his first conviction had affected his present detention.

by this case, jurisdiction is a matter of satisfying the statutory "in custody" requirement, whereas mootness is a question of whether there is any relief the court can grant once it has determined that it indeed has jurisdiction. Thus, when the rule was that the only relief available by habeas petition was discharge of the prisoner or admission to bail, once a habeas petitioner was released, his petition became moot. *Parker v. Ellis,* 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); *McNally v. Hill,* 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). *Parker v. Ellis* was overruled by *Carafas v. LaVallee,* where the court observed that

the statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted. It provides that "[t]he court shall . . . dispose of the matter as law and justice require." 28 U.S.C. § 2243.

391 U.S. at 239, 88 S.Ct. at 1560.

█ *Carafas* not only broadened beyond release from custody the relief available by means of habeas, it also recognized that habeas is appropriate to remedy the collateral consequences of a conviction. 391 U.S. at 237–38, 88 S.Ct. 1556. *See also* Note, *Civil Disabilities of Felons,* 53 Va.L.Rev. 403 (1967); Note, *The Collateral Consequences of a Criminal Conviction,* 23 Vand. L.Rev. 929 (1970).

█ The cases cited by respondent, the State of Indiana, are all beside the point, since they stand only for the proposition that collateral consequences are insufficient to establish jurisdiction. *Cf. Westberry v. Keith,* 434 F.2d 623 (5th Cir. 1970); *Harvey v. South Dakota,* 526 F.2d 840 (8th Cir. 1975). As we recently stated,

the ordinary collateral consequences or civil disabilities flowing from a fine-only conviction, although they may be re-

straints on liberty, are not severe enough to put the convicted person in custody within the meaning of the habeas corpus statute.

*Hanson v. Circuit Court of the First Judicial Circuit of Illinois, supra* at 407. Those same collateral consequences, although insufficient to establish custody and thus jurisdiction, are enough to keep a petition from becoming moot by the petitioner's release from custody.

If it were only the civil consequences of a conviction which would suffice to keep a petition from being moot we might still have to affirm, since even if Harrison's 1966 conviction were reversed and expunged he would still suffer the consequences of his 1971 conviction. The Supreme Court has clearly held, however, that a petitioner's status as a multiple offender does not so affect the collateral consequences as to render moot his attack on any one conviction.

[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.

*Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).[3] *See United States ex rel. Williams v. Morris,* 594 F.2d 614 (7th Cir. 1979). Multiple sentences may affect his credibility, his eligibility for parole, and may subject him to harsher sentencing if in the future he is in trouble with the law. *Cf.* Ind.Code Ann. § 35–50–2–8 (Burns) (Habitual Offenders).

█ In view of our holding that the district court had jurisdiction when the petition was filed and that the cause was not rendered moot by the petitioner's release from custody, the judgment of dismissal is reversed and the cause is remanded for further appropriate proceedings. Having not previously considered the merits of the petition the district court will have to deter-

---

**3.** Respondent mistakenly cites *Hahn v. Burke,* 430 F.2d 100 (7th Cir. 1970), *cert. denied,* 402 U.S. 933, 91 S.Ct. 1522, 28 L.Ed.2d 868, for the proposition that the collateral effects of a contested conviction must be direct. In *Hahn* we noted that among the collateral consequences of a burglary conviction and parole revocation on the record of a multiple offender was a blemish on the record which might be taken into account "if petitioner ever has future difficulties with the law in Wisconsin." 430 F.2d at 102. That is just the sort of collateral consequence which survives here.

mine the scope and extent of the further proceedings and whether the constitutional claims raised by the petition can be resolved by an examination of the state trial court record, or whether an evidentiary hearing will be necessary. We do note that the district court at one time ordered the state court record to be furnished to it but we are unable to tell from the record before us whether it was ever supplied. We also note that on the issue of claimed incompetency of counsel there apparently was a hearing in connection with the state post-conviction proceedings at which the trial counsel and Harrison testified.

REVERSED AND REMANDED.