STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. CLEVELAND ADAMS, DEFENDANT-APPELLANT.

Argued June 6, 1967—Decided July 5, 1967.

(1)

2

*Mr. John J. Cariddi* argued the cause for the appellant (*Mr. V. Michael Rossi,* on the brief).

*Mr. Harold N. Springstead,* Assistant Prosecutor, argued the cause for the respondent (*Mr. Guy W. Calissi,* Bergen County Prosecutor, attorney).

PER CURIAM. On August 7, 1965 the decedent Albert Lee Stone received a stab wound through the heart from which he died. The evidence established that the wound was inflicted by the defendant Adams whose claim was self-defense. The jury returned a verdict of guilty of murder in the second degree. We have carefully examined the record and are satisfied that defendant had a fair trial and that the verdict was a proper one. Although defendant has appealed to this Court as of right under *R. R.* 1:2–1(c), he does not attack the sufficiency of the evidence but does advance several points of alleged error which he says entitle him to a new trial.

In his first point he asserts that the trial court abused its discretion in admitting evidence of prior convictions to attack his credibility as a witness on his own behalf. As was recently held in *State v. Hawthorne,* 49 *N. J.* 130 (1967), the trial court had no choice but to admit the evidence when it was tendered by the prosecution. There was no error in this regard. In his second point the defendant complains about the admission into evidence of two photographs which disclosed the location of the stab wound on the decedent's body. They were in black and white, were clearly prob-

ative, and were not unduly inflammatory. They were correctly received in evidence. See *State v. O'Connor,* 42 *N. J.* 502, 511, *certiorari* denied 379 *U. S.* 916, 85 *S. Ct.* 268, 13 *L. Ed. 2d* 187 (1964).

■ During the trial a witness for the prosecution testified that at the time of the stabbing he heard Stone say to his wife "he stabbed me and you told him to do it." There was an objection but, before it was ruled on, the witness again answered that he heard Stone say, "he stabbed me." After some discussion, the trial court instructed the jury to disregard the answer and eliminate it from its mind. Later the prosecutor inadvertently referred to the matter in summation but the court, on the defendant's request, specifically instructed the jury that the testimony as to what Stone said to his wife had been stricken and was not to be considered under any circumstances. The testimony may well have been admissible as a spontaneous and contemporaneous statement. See Rule 63(4) printed in *N. J. S. A.* following 2A:84A–16 (*Supp.* 1966); *Report of the New Jersey Supreme Court Committee on Evidence, p.* 146 (1963); *Report of the Committee on the Revision of the Law of Evidence, p.* 127 (1955). In any event, considering the other compelling evidence in the record along with the limiting instructions of the trial court, we are convinced that the stricken testimony played no part in the jury's verdict and that it did not prejudice the defense of the defendant.

■■ The defendant contends that the trial court erred in rejecting a motion made by him, at the close of the prosecution's case, for acquittal insofar as murder in the first degree was concerned. Viewing the evidence and inferences favorable to the prosecution (*State v. Fiorello,* 36 *N. J.* 80, 87 (1961), *certiorari* denied 368 *U. S.* 967, 82 *S. Ct.* 439, 7 *L. Ed. 2d* 396 (1962)), there was enough from which a jury could find beyond reasonable doubt that the killing was "willful, deliberate and premeditated" within *N. J. S.* 2A:113–2. The motion was therefore properly denied; in any event, in the light of the testimony and the second degree verdict, no harm could

be said to have resulted to the defendant from the denial of the motion. See *State v. Moynihan,* 93 *N. J. L.* 253, 256–257 (*E. & A.* 1919) ; *cf. State v. Lucas,* 30 *N. J.* 37, 77 (1959).

■ During the trial, the defense called Frankin Mc-Clellan as a witness to testify with respect to the decedent Stone's propensity for violent acts. He stated that in 1963 he had been shot by the decedent in a dispute over Minnie Moore. On cross-examination he was asked whether he was now in the county jail and he answered in the affirmative. He was then asked whether Minnie Moore had made a complaint against him at this time and, after an objection to this question was overruled, he again answered in the affirmative. The defendant urges that his objection should have been sustained and that the attack on McClellan's credibility should have dealt with convictions rather than arrests. Assuming all this to be so, we are satisfied that there is no basis for reversal. Stone's wife and others had testified fully as to the decedent's propensity for violent acts and the cross-examination could not have prejudiced the rights of the defendant.

■ The defendant, citing *Berger v. United States,* 295 *U. S.* 78, 55 *S. Ct.* 629, 79 *L. Ed.* 1314 (1935), complains about remarks during the prosecutor's summation and about a statement during the trial judge's charge. We have thoroughly examined the summation and find no basis for the complaint. The prosecutor did not improperly interject any personal beliefs as to guilt nor did his argument go beyond the fair bounds of the testimony in the record. The judge in his charge told the jury that the trial was a proceeding in which the prosecution seeks to demonstrate that the accused violated the criminal laws of the State. The defendant urges that the prosecution does not seek to demonstrate that the accused violated the law but rather inquires whether he did so. The charge, read in its entirety, presented the matter properly to the jury. In our adversary system the prosecution does in effect seek to establish guilt though by fair means and trial. Here the means and trial

were entirely fair and the result was entirely just. We find no cause for reversal and the judgment of conviction is:
    Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For reversal* — None.