133 N.J. Super. 512 (1975)
337 A.2d 625
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NICHOLAS STEFFANELLI A/K/A NICHOLAS PETER STEFFANELLI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 22, 1975.
Decided April 30, 1975.
*513 Before Judges HALPERN, CRAHAY and WOOD.
Messrs. Herrmann and Blasi, attorneys for appellant.
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Kenneth Ply, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by HALPERN, P.J.A.D.
An issue of first impression in this State is presented on this appeal, namely, whether a juvenile's prior conviction of atrocious assault and battery, when he was tried as an adult under N.J.S.A. 2A:4-15, may be shown to impeach his credibility under N.J.S.A. 2A:81-12 and Evid. R. 63(20) if he testifies when tried for a subsequent adult offense.
In 1958 defendant, then a 16-year-old juvenile, was tried as an adult under N.J.S.A. 2A:4-15 and convicted of atrocious assault and battery. In 1974, while being tried in the instant case for atrocious assault and battery, defense counsel inquired of the trial judge whether the 1958 conviction could be shown by the State to impeach defendant's credibility if he testified in his own behalf. The trial judge informed counsel that he would permit the 1958 conviction *514 to be shown, but that he would also instruct the jury as to its limited use  that the conviction occurred in 1958 when defendant was a juvenile and that these facts be considered by them in weighing defendant's credibility. Allegedly, as a result of this side-bar ruling defendant did not take the stand.
We are in complete accord with the trial judge's ruling. Having been tried in 1958 as an adult, the consequences which flow therefrom are applicable to him as though he were an adult. See Luck v. United States, 121 U.S. App. D.C. 151, 348 F.2d 763 (1965). Any other result would fly in the face of the legislative intent and abort the philosophy behind the passage of N.J.S.A. 2A: 4-15. The charge the trial judge offered to give would have served the ends of justice.
Based on the authority of N.J.S.A. 2A:81-12 and Evid. R. 63(20), we have repeatedly applied the rule that when a defendant testifies in his own behalf his prior criminal convictions may be shown to impeach his credibility. State v. Johnson, 65 N.J. 388 (1974); State v. Hawthorne, 49 N.J. 130 (1967).
Appellant suggests we closely scrutinize Justice Pashman's concurring opinion in Johnson wherein he expressed his doubt as to whether the use of prior convictions to impeach credibility has not outlived its usefulness. While there may be much to be said for Justice Pashman's reasoning, particularly where, as here, we deal with a conviction recorded 16 years ago when defendant was but 16 years old, we as an intermediate appellate court are bound to comply with the law established by the Supreme Court. In re Arens, 41 N.J. 364, 370 (1964); Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961).
Affirmed.