139 N.J. Super. 548 (1976)
354 A.2d 670
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER H. HILL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 23, 1976.
Decided March 1, 1976.
*550 Before Judges FRITZ, SEIDMAN and MILMED.
Messrs. Winne & Banta, attorneys for appellant (Mr. Peter G. Banta, of counsel).
Mr. Stephen B. Champi, Somerset County Prosecutor, attorney for respondent (Mr. Nicholas L. Bissell, Jr., Assistant Prosecutor, of counsel and on the brief).
PER CURIAM.
A jury convicted defendant of committing an act of open lewdness, contrary to N.J.S.A. 2A:115-1, and of resisting arrest, contrary to N.J.S.A. 2A:85-1. He was sentenced to concurrent six-month jail terms, which were suspended, and he was placed on probation for three years. The single ground of appeal is that evidence of defendant's prior convictions of crime in Pennsylvania was improperly admitted at the trial.
Defendant contends that the trial court "as a matter of law or discretion" had to give effect to the Pennsylvania statute excluding evidence of prior convictions. This contention, and the argument advanced in support, are without merit. Apart from the fact that the statute in question (19 P.S. § 711) provides (with certain exceptions not pertinent here) only that a person charged with a crime, who is called as a witness in his own behalf, may not be asked or required to answer any question tending to show conviction of any offense other than the one for which he is on trial, and, under decisional law in Pennsylvania, does not bar the introduction of rebuttal evidence of prior convictions to attack the credibility of a defendant who has elected to testify in his own behalf, Commonwealth v. Bighum, 452 Pa. 554, 307 A.2d 255, 260 (Sup. Ct. 1973), the courts of this State are not bound by the Pennsylvania statute. The use of prior convictions for this purpose being an evidentiary matter, the law of the forum controls. See Kraynick v. Nationwide Ins. Co., 72 N.J. Super. 34, 41 (App. Div. 1962). Cf. United State v. Haynes, 81 F. Supp. 63, 68 (D.C.W.D. Pa. 1948), *551 aff'd 173 F.2d 223 (3 Cir.1949). See also, 31 C.J.S., Evidence, § 5 at 821; 29 Am. Jur.2d, Evidence, § 6, at 39; Restatement 2d, Conflicts of Laws, § 138 at 384; 1 Wigmore, Evidence (3 ed. 1940), § 5 at 159. Our statute, of course, permits the showing of a witness' conviction of crime for the purpose of affecting his credibility, N.J.S.A. 2A:81-12.
Defendant launches an attack upon our statute. He assails the harshness of the law and suggests the need for reexamination, pointing to the concurring opinion of Justice Pashman in State v. Johnson, 65 N.J. 388, 392 (1974). However, as we said in State v. Stefanelli, 133 N.J. Super. 512, 514 (App. Div. 1975), we as an intermediate appellate court are bound to comply with the law established by the Supreme Court. Defendant's plea that the law should be changed may be meritorious, but he must seek relief not from us, but from the Supreme Court or the Legislature.
It is to be observed that State v. Hawthorne, 49 N.J. 130, 135 (1967), emphasized that our statute "does not bespeak a grant of permission or discretion to the trial judge to receive or reject the proof." Since then, the Supreme Court has repeatedly and consistently indicated that the trial court has no choice but to admit the evidence of prior convictions when it is tendered by the prosecution. State v. Lair, 62 N.J. 388, 391 (1973); State v. Mustacchio, 57 N.J. 265, 278 (1970); State v. Sinclair, 57 N.J. 56, 62 (1970); State v. Gallichio, 51 N.J. 313, 317-318 (1968); State v. Laws, 50 N.J. 159, 178 (1967); State v. Adams, 50 N.J. 1, 3 (1967); State v. Hurt, 49 N.J. 114, 116 (1967).
In the present state of the law, evidence of defendant's prior convictions in this case did not deny him a fair trial. Moreover, it was defense counsel himself who, as a matter of trial strategy, referred to defendant's prior convictions in his opening statement to the jury, calling attention to "certain similarities at face value between the charge in Pennsylvania in 1958 and the one here today"; *552 and also, when defendant took the stand to testify in his own behalf, interrogated him at length on direct examination concerning the prior incidents, his guilty pleas, and his explanation of what had occurred at that time.
The judgment of conviction is affirmed.