**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4293-17

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NICHOLAS WATSON,

     Defendant-Appellant.

_____

Argued January 25, 2021 – Decided February 12, 2021

Before Judges Sabatino and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 07-01-0069.

Douglas R. Helman, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Douglas R. Helman, Assistant Deputy Public Defender, of counsel and on the brief).

Ali Y. Ozbek, Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes, Passaic County Prosecutor, attorney; Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This is another "Zuber issue"[1] case involving a juvenile offender who was waived to adult court, found guilty of serious crimes, and received a lengthy prison sentence. The offender, defendant Nicholas Watson, contends his thirty-nine-year custodial term violates the federal Eighth Amendment and the New Jersey Constitution. He also presents non-constitutional arguments alleging his sentence was imposed with a flawed analysis of the aggravating and mitigating factors. The trial court denied relief to defendant, and we affirm its sound decision.

We incorporate by reference the facts and procedural history detailed in our previous unpublished opinions in this case. Briefly, defendant was charged with numerous offenses stemming from his role in a series of armed robberies he and others committed one early morning in August 2006. A gas station attendant was killed in the course of one of the robberies. Defendant, who was age seventeen at the time of the offenses, was waived to the adult criminal court and tried before a jury.

Following the jury trial, defendant was convicted of four counts of first-degree armed robbery, N.J.S.A. 2C:15–1, three counts of second-degree

---

[1] State v. Zuber, 227 N.J. 422 (2017).

possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4(a), two counts of third-degree unlawful possession of a weapon, N.J.S.A. 2C:39–5(b), a single count of third-degree aggravated assault, N.J.S.A. 2C:12–1(b)(7), and one count of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5–2, 2C:15–1. He was found not guilty of felony murder.

In January 2009, defendant was sentenced on two of the robbery convictions to consecutive seventeen-year terms, each with eighty-five percent parole ineligibility periods mandated under the No Early Release Act ("NERA"), N.J.S.A. 2C:43–7.2. In addition, the court imposed a consecutive five-year term for one count of unlawful possession of a weapon. The remainder of the convictions were either merged or sentenced concurrently.

All in all, defendant's aggregate sentence was thirty-nine years. The NERA parole disqualifier for the two robberies applied to the thirty-four years of that sentence. Consequently, defendant is not eligible for parole until he has served twenty-eight years and 329 days of the thirty-four years. By that point he will be in his late forties.

This court affirmed defendant's convictions and sentence in an unpublished opinion on direct appeal. State v. Watson, No. A-3662-08 (App.

A-4293-17

Div. July 13, 2010).  The Supreme Court denied certification.  State v. Watson, 205 N.J. 98 (2010).

Defendant next filed a petition for postconviction relief ("PCR"), which was rejected by the trial court without an evidentiary hearing.  That denial of PCR was affirmed by this court in an unpublished opinion.  State v. Watson, No. A-5646-11 (App. Div. Dec. 15, 2014).  The Supreme Court once again denied certification.  State v. Watson, 221 N.J. 287 (2015).

In April 2017, defendant filed a motion to correct what he characterized as an illegal sentence under Rule 3:21-10(b)(5).  On August 2, 2017, Judge Marilyn C. Clark, P.J.Cr., denied his motion in a written opinion.  Defendant now appeals that decision.

Defendant's primary contention is that his thirty-nine-year sentence, imposed on him for offenses he committed as a juvenile, is unconstitutionally excessive under principles enunciated by the United States Supreme Court in Miller v. Alabama, 567 U.S. 460, 473 (2012) and its progeny, as applied in this State under Zuber, 227 N.J. at 429.  He further argues his sentence violates the New Jersey Constitution.  For the first time on appeal, he also challenges the application of the statutory sentencing factors on the same constitutional grounds and, independently, as excessive and based on factual errors.

4

Specifically, defendant raises the following points in his brief:

POINT I

WATSON'S SENTENCE, 39 YEARS WITH A NEARLY 30 YEAR PAROLE DISQUALIFIER, IMPOSED FOR A CRIME COMMITTED WHEN HE WAS A JUVENILE, VIOLATED THE UNITED STATES AND NEW JERSEY CONSTITUTIONS BECAUSE IT WAS IMPOSED WITHOUT CONSIDERATION OF HIS AGE AT THE TIME OF THE CRIME. THIS ILLEGAL SENTENCE DEMANDS RESENTENCING UNDER STATE V. ZUBER.

A. Miller and Zuber Require Consideration of a Juvenile's Age And Attendant Circumstances Because Children Are Constitutionally Different From Adults For Purposes Of Sentencing, And These Requirements Are Not Limited To Life Sentences.

B. The Motion Judge Erred In Denying Watson's Motion To Correct An Illegal Sentence Because The Sentencing Judge Ignored The Procedure Now Mandated By Miller And Zuber.

POINT II

THE MOTION JUDGE MISSED THAT, AT SENTENCING, THE JUDGE IMPROPERLY APPLIED AGGRAVATING FACTOR THREE WHOLLY ON ACCOUNT OF WATSON'S JUVENILE HISTORY, RESULTING IN AN EXCESSIVE SENTENCE.

A. The Judge Erred In Applying Aggravating Factor Three Based Only On Juvenile History, and Based On An Incorrect Factual Finding.

5

B.  The Constitutional Safeguards Identified In <u>Miller</u> And <u>Zuber</u> Demand A Different Application Of Aggravating Factor Three For Juveniles.

i.  Juvenile Recidivism Is Different.

ii.  The Concerns That Animate <u>Miller</u> Also Apply To Juvenile Reoffending.

iii.  Watson Does Not Pose A High Risk Of Reoffense.

<u>POINT III</u>

THE MOTION JUDGE MISSED THAT THE APPLICATION OF AGGRAVATING FACTOR NINE TO JUVENILES WHO ARE UNLIKELY TO REOFFEND VIOLATES <u>MILLER</u> AND <u>ZUBER</u>.

<u>POINT IV</u>

THE MOTION JUDGE MISSED THAT THE SENTENCING JUDGE FAILED TO ACCOUNT FOR WATSON'S YOUTH AS A NONSTATUTORY MITIGATING FACTOR, RESULTING IN AN EXCESSIVE SENTENCE.

Beyond these arguments, defense counsel has submitted an additional citation letter to this court, contending that the New Jersey Legislature's recent October 2020 amendment to the sentencing statutes applies here retroactively. The referenced amendment, among other things, added as a mitigating factor in N.J.S.A. 2C:44-1(b)(14) the youth of an offender under the age of twenty-six.

6

Having considered these arguments, we affirm defendant's sentence and the denial of his motion for relief, substantially for the reasons detailed in Judge Clark's opinion.  We add a few comments by way of amplification.

In Miller, 567 U.S. at 479, the United States Supreme Court held that, except in rare instances of incorrigibility, under the Eighth Amendment a juvenile generally cannot be sentenced to life without the possibility of parole. The Court identified five reasons why life without parole ("LWOP"), or its functional equivalent, unconstitutionally failed to differentiate between adults and juveniles, factors subsequently described as "the Miller factors."  Zuber, 227 N.J. at 445.[2]  Several years later, the Court held Miller was entitled to retroactive effect.  Montgomery v. Alabama, 136 S. Ct. 718, 732-36 (2016).

Our State Supreme Court addressed these youth offender sentencing concerns in Zuber, 227 N.J. 422.  It held that "Miller's command that a sentencing judge 'take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison' [ ] applies with equal strength to a sentence that is the practical equivalent of

---

[2]  As described in Zuber, those factors are a "defendant's 'immaturity, impetuosity, and failure to appreciate risks and consequences'; 'family and home environment'; family and peer pressures; 'inability to deal with police officers or prosecutors' or his own attorney; and 'the possibility of rehabilitation.'"  Id. at 453 (quoting Miller, 567 U.S. at 477-78).

[LWOP]." Id. at 446-47 (quoting Miller, 567 U.S. at 480) (internal citations omitted). The Court explained that the "proper focus" under the Eighth Amendment is "the amount of real time a juvenile will spend in jail and not the formal label attached to his sentence." Id. at 429.

In a consolidated opinion, the Court in Zuber reviewed the sentences of two offenders who were juveniles when they committed their crimes: Zuber, who was convicted of two sexual assaults and sentenced to an aggregate of 110 years with fifty-five years of parole ineligibility, and Comer, who was convicted of four armed robberies and sentenced to an aggregate of seventy-five years with just over sixty-eight years of parole ineligibility. 227 N.J. at 430-33. The Court deemed these sentences to be the functional equivalent of LWOP. Id. at 448. It declared that when a sentencing court imposes "a lengthy, aggregate sentence that amounts to life without parole" it must consider the factors set forth in Miller. Id. at 450.

The Zuber Court further instructed that a judge must consider the Miller factors, along with the state-law sentencing principles set forth in State v. Yarbough, 100 N.J. 627, 643-44 (1985), when imposing consecutive sentences upon juvenile offenders. Zuber, 227 N.J. at 449-50. Sentencing judges considering the imposition of substantial consecutive sentences are now obliged

8

to "exercise a heightened level of care before they impose multiple consecutive sentences on juveniles which would result in lengthy jail terms." Id. at 429–30.

In the present case, Judge Clark concluded that defendant's sentence is not the functional equivalent of LWOP because he will be eligible for parole in his late forties and will "almost certainly be released" by the time he is forty-nine. Therefore, the heightened constitutional protections expressed in Miller and Zuber do not apply. We agree.

Defendant advocates an expansion of the Court's holding in Zuber, arguing "for all juveniles, a legal sentence is reached only when" the sentencing court considered the Miller factors in imposing that sentence. (Emphasis added). This broad argument is contrary to Zuber, which requires a heightened analysis only where a juvenile received "a lengthy, aggregate sentence that amounts to life without parole." Zuber, 227 N.J. at 450.

In State v. Bass, 457 N.J. Super. 1, 13-14 (App. Div. 2018), certif. denied, 238 N.J. 364 (2019), we held that a life sentence with a thirty-five-year parole bar was not a functional LWOP, and therefore did not require heightened scrutiny under Zuber and Miller. Id. at 14 ("Despite the lengthy sentence defendant has served, there are no similarities between his sentence and the sentences reviewed in Zuber.").

More recently, in our January 13, 2021 published opinion in <u>State v. Tormasi</u>, __ N.J. Super. __ (App. Div. Jan. 13, 2021), we likewise held that a life sentence with a thirty-year parole bar imposed upon a juvenile offender was not an LWOP-equivalent sentence. Defendant's parole ineligibility period of under thirty years should be similarly classified. The <u>Miller</u> youth factors simply do not apply here under either the federal or state constitution.

We are unpersuaded that the measure of an LWOP depends, as defendant argues, on whether the custodial term was imposed for a non-homicide offense or a homicide offense. In its consolidated opinion in <u>Zuber</u>, for example, the Court applied the LWOP analysis equally to a juvenile offender found guilty of felony murder, James Comer, and to a non-homicide offender, Ricky Zuber. <u>Zuber</u>, 227 N.J. at 449-50. Both Zuber and Comer received sentences with parole disqualifiers far longer than the under-thirty-year period that this defendant was ordered to serve.

Defendant argues that at the time of sentencing his case was analogous to Comer's, whose sentence was overturned in the <u>Zuber</u> decision, because they both faced multiple counts for armed robbery, and therefore "[t]here is no reason to treat these cases differently." This ignores that Comer was <u>actually</u> sentenced to seventy-five years with over sixty-eight years of parole ineligibility. <u>Zuber</u>,

227 N.J. at 449. <u>Zuber</u>'s holding applies to "the real-time consequences of the aggregate sentence," not to prospective penalties. <u>Id.</u> at 447.

We appreciate the scientific literature cited by defendant concerning human behavioral development and his related policy arguments. Those policy arguments, to some extent, have now been addressed prospectively by the Legislature in the October 2020 amendments to the sentencing code. Moreover, it is not our function as an intermediate appellate court to alter or expand the Supreme Court's holding in <u>Zuber</u> on policy grounds. <u>State v. Carrero</u>, 428 N.J. Super. 495, 511 (App. Div. 2012); <u>State v. Hill</u>, 139 N.J. Super. 548, 551 (App. Div. 1976).

Aside from his constitutional assertions, defendant further argues that the combined effect of his thirty-four-year consecutive sentences is excessive and should be reconsidered. This court has already considered on direct appeal whether his consecutive sentences were excessive under the <u>Yarbough</u> standards for consecutive terms and determined they were "entirely proper." <u>State v. Watson</u>, No. A-3662-08 (App. Div. July 13, 2010) (slip op. at 12). We discern no reason to disavow that conclusion here.

Defendant additionally contends his sentence is illegal because the sentencing court improperly considered his juvenile history and made a factual

11

error in finding that he was on juvenile supervision at the time he committed the relevant crimes. The State argues the sentencing court properly applied aggravating factor three, N.J.S.A 2C:44-1(a)(3), the risk of re-offense, by considering defendant's history of frequent juvenile arrests, his role in the underlying offenses, and other relevant factors.

We decline to alter defendant's sentence on this basis. First, defendant's arguments are procedurally improper because he already challenged the excessiveness of his sentence on direct appeal, and this court found no error in the sentencing court's decision.

We are mindful that through the vehicle of Rule 3:21-10(b)(5), a defendant may challenge an "illegal" sentence at any time. Even so, the Supreme Court has held that an "excessive" sentence, or a challenge to the proper weighing of aggravating and mitigating factors, is distinct from an "illegal" sentence and not cognizable outside of a direct appeal. State v. Acevedo, 205 N.J. 40, 47 (2011); State v. Flores, 228 N.J. Super. 586, 592 (App. Div. 1988) (quoting State v. Clark, 65 N.J. 426, 437 (1974)) ("[M]ere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground for post-conviction relief and can

A-4293-17

only be raised on direct appeal from the conviction."); see also Tormasi, __ N.J. Super. at ___ (slip op. at 7). Hence, insofar as defendant challenges the original sentencing court's findings because they improperly accounted for certain erroneous facts, or improperly weighed the aggravating and mitigating factors, these claims are not appropriately before us at this time.

Second, even if we accepted as true defendant's factual contention that he was not actually on juvenile supervision for any matters at the time of the instant offenses—a contention that is suggested but not conclusively proven by the March 31, 2015 letter from a probation officer concerning one of his prior juvenile dockets—we remain unpersuaded that his sentence must be altered.

The sentencing judge did not solely rely on juvenile supervision in applying aggravating factor three. The judge appropriately considered defendant's juvenile record and the rapidity and escalating gravity of his conduct. See State v. Torres, 313 N.J. Super. 129, 162 (App. Div. 1998) (noting the propriety of using a defendant's prior juvenile record as a sentencing consideration).[3]

---

[3] We acknowledge defendant's argument that, by analogy, the Supreme Court's language in State v. K.S., 220 N.J. 190, 202 (2015), disapproving reliance on prior unadjudicated arrests as a factor in denying pretrial intervention ("PTI") might call into question the consideration of unadjudicated juvenile arrests in

In the year leading up to the present robbery offenses, defendant had been arrested three times for theft and aggravated assault. He brought illegally owned guns to the crime scene, and he encouraged his co-perpetrators to commit violent acts. As the judge found, defendant was not under the influence of an older co-perpetrator, but instead essentially acted as the main instigator.

We discern no abuse of discretion in the sentence that was imposed, even if the judge's oral comment about defendant being on juvenile supervision was mistaken. State v. Bieniek, 200 N.J. 601, 607-08 (2010) (noting the high deference on appeal that is accorded to sentencing judges, and disfavoring appellate "second-guessing" of their weighing of the pertinent factors).

Lastly, we are unpersuaded that the 2020 change in the sentencing laws to add youth as a mitigating factor applies retroactively to this sentencing that occurred more than a decade ago and was upheld on direct appeal. Tormasi, __ N.J. Super. at __ (slip op. at 7).

---

sentencing outside the PTI context. On the other hand, there may be sound reasons to treat juvenile arrests differently as relevant background, since juvenile cases often do not result in a final adjudication of delinquency. We are not required to resolve that issue here, and simply note that Torres (a case which defendant cites and relies upon in his brief for another point) has not been repudiated.

All other points raised on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).[4]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] As an administrative item, we direct the trial court to correct the judgment of conviction to remove the check mark in the box erroneously noting that defendant committed a sexual offense requiring parole supervision for life. Judge Clark's opinion directed such a correction, but defense counsel advises that has not yet been accomplished.

A-4293-17